## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

CORY JONES,                )
                               )
          Plaintiff,       )
                               )
v.                           )     No. CIV-25-583-R
                               )
WESTERN FLYER EXPRESS LLC.,   )
                               )
         Defendant.    )

## ORDER

Before the Court is Defendant Western Flyer Express's Motion to Dismiss [Doc. No. 4]. Plaintiff Cory Jones responded [Doc. No. 6], and Defendant replied [Doc. No. 10]. The matter is now at issue.

## BACKGROUND[1]

Plaintiff truck driver Cory Jones entered into a contract with Defendant Western Flyer Express, under which Plaintiff leased a truck from Defendant to transport cargo [Doc. No. 1, ¶¶ 2, 19, 35-37]. Defendant provides shipping services for the interstate commerce needs of its customers by contracting with truck drivers like Jones. *Id.* ¶ 44.

The contract between Plaintiff and Defendant is the Contracted Operator Agreement ("COA") [Doc. No. 1-1]. Doc. No. 1, ¶ 35. The COA required Plaintiff to perform

---

[1] When reviewing a motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court "take[s] the facts in the complaint as true . . . and [ ] views such facts in the light most favorable to the plaintiff[.]" *Knellinger v. Young*, 134 F.4th 1034, 1042 (10th Cir. 2025) (internal citations and quotation marks omitted).

transportation services according to certain standards, communicate with Defendant's customers, and report to Defendant regarding various matters. *Id.* ¶¶ 35-61.

In this action, Plaintiff asserts claims on behalf of himself and all other contracted operators and unpaid trainees for violations of the federal Truth-in-Leasing requirements, 49 C.F.R. § 376.12 (2024) *et seq.*, and the Oklahoma Protection of Labor Act, OKLA. STAT. ANN. tit. 40 § 160 (West 2025) *et seq. Id.* ¶¶ 5-10, 190-200. Defendant moves to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 9(c) and 12(b)(6). Doc. No. 4.

## LEGAL STANDARD

Dismissal under Rule 12(b)(6) is proper when a complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a Rule 12(b)(6) motion, the complaint 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Brown v. City of Tulsa*, 124 F.4th 1251, 1263 (10th Cir. 2025) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). And while the Court "must accept the truth of all properly alleged facts and draw all reasonable inferences in the plaintiff's favor, the plaintiff still 'must nudge the claim across the line from conceivable or speculative to plausible.'" *Id.* (quoting *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021)). "Mere 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' will not suffice." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"In addition to the complaint, the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not

dispute the documents' authenticity." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002). Plaintiff's allegations here are based upon several agreements, including the COA, which Plaintiff attached to the Complaint. *See* Doc. No. 1-1. The COA is central to Plaintiff's claim and neither party disputes its authenticity. The Court thus properly considers it when evaluating Defendant's Motion.

## DISCUSSION

Defendant requests dismissal based on Plaintiff's failure to allege that all conditions precedent have been satisfied, as required by Rule 9(c). Doc. No. 4 at p. 10. Rule 9(c) provides: "In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed." Here, Defendant argues that the COA requires good faith mediation as a condition precedent prior to suit, and that Plaintiff's failure to allege his compliance with the mediation requirement necessitates dismissal under Rule 9(c). Doc. No. 4 at p. 10.

The COA states:

"In the event of any disagreement or dispute between [Plaintiff] and [Defendant] regarding the subject matter of this COA or the relationship between the parties, before either party can bring a claim in a court of law, such disagreement or dispute shall be brought before an independent mediator . . . for the parties to engage in good faith resolution."

Doc. No. 1-1 at p. 21.

Under Oklahoma law, "[a]s used in contracts, 'shall' . . . is imperative . . . and imposes an enforceable obligation to discharge the subject duty." *Stephenson v. Oneok Res.*

*Co.*, 99 P.3d 717, 721 (Okla. Civ. App. 2004).[2] A condition precedent is "an act or event, other than a lapse of time, which must exist or occur before a duty of immediate performance of a promise arises." *B-B Co. v. Piper Jaffray & Hopwood, Inc.*, 931 F.2d 675, 678 (10th Cir. 1991) (citations omitted).

Another court in this district has examined a contract with a "multi-step dispute resolution process, including a series of steps that the parties 'shall' proceed to" before parties could proceed to litigation. *Trillium, Transp. Fuels, LLC v. Integral Energy,* LLC, No. CIV-20-1197-PRW, 2023 WL 3611419, at *4 (W.D. Okla. May 23, 2023). The court discussed a case wherein the Eleventh Circuit found that even when a "contract [does] not expressly state that mediation [is] a condition precedent to arbitration," the "mandatory 'shall' language," indicated an implied condition precedent. *Id.* at *4 (citing *Kemiron Atl., Inc. v. Aguakem Int'l, Inc.*, 290 F.3d 1287, 1291 (11th Cir. 2002)). The court in *Trillium*, following the Eleventh Circuit's reasoning, held that a contract provision stating that parties "shall" refer the dispute to executive officers prior to litigation established a condition precedent to litigation. *Id.*

In *Jackson v. Western Flyer Express, LLC*, Case No. CIV-22-68-J (W.D. Okla. May 3, 2022), another case involving this Defendant, the plaintiff truck driver sued Defendant for violations of Truth-in-Leasing regulations under their COA. Defendants moved to dismiss based on the plaintiff's failure to mediate prior to suing in accordance with the

---

[2] The COA's choice of law provision directs that it be interpreted according to federal and Oklahoma state law. Doc. No. 1-1 at p. 22. Contract interpretation being a state law issue, Oklahoma state law governs interpretation of the COA.

4

COA. *Id.* at p. 2-3. The court held the agreement to mediate in the COA was an enforceable obligation and prerequisite to the plaintiff suing Defendant. *Id.* at p. 4. The plaintiff's claims were barred until he complied with the mediation provision, something Plaintiff had failed to allege in his Complaint. *Id.* at p. 3.

Here, as in *Jackson*, *Trillium*, and *Kemiron*, the COA's plain language indicates "any disagreement or dispute between [Plaintiff] and [Defendant] regarding the subject matter of this COA or the relationship between the parties *shall be brought* before a mediator." Doc. No. 1-1 at p. 21 (emphasis added). Mediation is a precondition to Plaintiff filing suit. Despite this, Plaintiff has not alleged compliance with this condition, as required by Rule 9(c).[3]

Plaintiff raises two main arguments in response, but neither are persuasive. Plaintiff first argues that Rule 9(c)'s requirement to generally allege conditions precedent does not apply here under *Anderson v. United Tel. Co. of Kan.*, 933 F.2d 1500, 1505 (10th Cir. 1991). But *Anderson* merely held that where a criminal blacklisting conviction is required for civil blacklisting liability, it is "simply a statutory element that does not implicate Rule 9(c)." *Id.* (finding "no indication" that 9(c)'s special pleading requirements were intended "to

---

[3] Defendant further argues Plaintiff failed to satisfy another condition precedent by not pleading compliance with the COA's thirty-day notice provision for disputing chargebacks. Doc. No. 4 at pp. 11-12. In light of the Court's decision regarding Plaintiff's failure to plead his participation in mediation, which necessitates dismissal of *all* claims, the Court declines to rule on this part of Defendant's Motion. It does, however, note that if Plaintiff chooses to amend his pleadings, he would be wise to ensure he sufficiently pleads compliance with all potential conditions precedent to suit.

apply more broadly to pleading the basic elements of a cause of action"). This holding is inapplicable to Plaintiff's contractual requirement to mediate prior to suit.

Plaintiff's second argument is that Defendant waived the mediation requirement as to Count I, his class wage claim, and most of his Truth-in-Leasing claims because by refusing to mediate these claims, Defendant repudiated the mediation provision in the COA. Doc. No. 6 at pp. 9-10. "Under Oklahoma law, a party may repudiate a contract, and excuse the other party's duty to perform, by declaring his intention not to perform it. However, any such repudiation must be 'distinct, unequivocal, and absolute in terms and treated and acted upon as such by the other party.'" *SGS, LLC v. Land-Mark Professional Surveying, Inc.*, NO. CIV-18-0691-HE, 2019 WL 5191884, at *2 (W.D. Okla. Feb. 12, 2019) (quoting *Bushey v. Dale*, 75 P.2d 193, 196 (Okla. 1938)).

In *Land-Mark*, the court found "no suggestion that Land-Mark repudiated the contract. To the contrary, its position is explicitly based on the contract's terms." *Id.* Considering the heavy burden of proof on the party asserting a waiver of mediation, and the "strong federal policy of encouraging the expeditious and inexpensive resolution of disputes through arbitration," the court found the defendant sending a demand letter during a contract dispute was not a repudiation of the mediation provision. *Id.* at *1-2.

As in *Land-Mark*, Defendant's argument is based on the COA's terms. Furthermore, the language of the COA is broad—it requires mediation for "*any agreement or dispute . . . regarding the subject matter of the COA or the relationship between the parties.*" Doc. No. 1-1 at p. 21 (emphasis added). Moreover, the Court refuses to look further into the

6

circumstances of the mediation because all details surrounding it remain outside the pleadings. [4]

Because Plaintiff has failed to plead compliance with the mediation provision in the COA, dismissal is warranted. In light of Plaintiff's contention in his briefing that a good faith mediation did occur, the Court will withhold entry of judgment for 21 days to provide Plaintiff with an opportunity to seek leave to amend. *See Castle Energy v. Universal Ensco, Inc.*, No. 4:23-cv-04314, 2024 WL 3237540, at *1 (S.D. Tex. June 5, 2024) (granting leave to amend to provide the plaintiff with the opportunity to allege facts showing it satisfied contractual conditions precedent).

## CONCLUSION

Accordingly, Defendant Western Flyer Express's Motion to Dismiss is GRANTED.

IT IS SO ORDERED this 17th day of September, 2025.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[4] Defendant argues "Plaintiff and his counsel appeared for mediation on May 28th, 2025, but refused to mediate his individual claims, stating they would only mediate the putative class claims." Doc. No. 4 at p. 9. Plaintiff responds that mediation did occur, that Defendant violated the parties' confidentiality agreement regarding mediation, and that Defendant repudiated the COA and mediation requirement as to claims Defendant refused to discuss during mediation. Doc. No. 6 at pp. 8-10. As the facts surrounding the supposed mediation are beyond the pleadings, the Court declines to consider whether good faith mediation occurred.