**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| CORY JONES, on behalf of himself and all others similarly situated, | ) | |
| Plaintiff, | ) | Civil Action No. 5:25-cv-00583 |
| v. | ) | |
| WESTERN FLYER EXPRESS, LLC, | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION OF THIS COURT'S ORDER ON DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT AND BRIEF IN SUPPORT**

# TABLE OF CONTENTS

TABLE OF CONTENTS ....................................................................................... i

TABLE OF AUTHORITIES ....................................................................... ii, iii

MOTION ........................................................................................................ 1

PLAINTIFF CORY JONES'S BRIEF IN SUPPORT OF MOTION ................................. 1

INTRODUCTION .............................................................................................. 1

I. PLAINTIFF CORY JONES'S TRUTH-IN-LEASING CLAIM RELATING TO FUEL DEDUCTIONS SHOULD NOT BE DISMISSED. ....................................... 2

CONCLUSION .................................................................................................. 7

CERTIFICATE OF SERVICE ................................................................................ 8

# TABLE OF AUTHORITIES

## CASES

*Al-Anazi v. Bill Thompson Transp., Inc.*,
2016 WL 3611886 (E.D. Mich. July 6, 2016) ....................5

Burnett v. Mortg. Elec. Registration Sys., Inc.,
706 F.3d 1231 (10th Cir. 2013)....................2

*Fox v. Transam Leasing, Inc.*,
839 F.3d 1209 (10th Cir. 2016)....................2, 4

*Hill v. Cargo Runner Co.*,
No. 22-CV-00910, 2023 WL 6213674 (N.D. Ill. Sept. 25, 2023) ....................3

*Mervyn v. Nelson Westerberg, Inc.*,
76 F. Supp. 3d 715 (N.D. Ill. 2014) ....................5

*OOIDA v. C.R. England, Inc.,*
2007 WL 1795768 (D. Utah June 20, 2007)....................4

*OOIDA v. Landstar System, Inc.,*
2006 WL 4069044 (M.D. Fla. Oct. 6, 2006) ....................4

*OOIDA v. Landstar*,
622 F.3d 1307 (11th Cir. 2010)....................6

*OOIDA v. Swift*,
632 F.3d 111 (9th Cir. 2011)....................4

*Owner-Operator Indep. Drivers Ass'n, Inc. v. Bulkmatic Transp. Co.*,
503 F. Supp. 2d 961 (N.D. Ill. 2007) ....................6

*Owner-Operator Indep. Drivers Ass'n, Inc. v. Swift Transp. Co. (AZ)*,
2007 WL 2808997 (D. Ariz. Sept. 27, 2007), aff'd, 632 F.3d 1111 (9th Cir. 2011)........4

*Yata v. BDJ Trucking Co.*,
No. 17-CV-03503, 2021 WL 1738520 (N.D. Ill. May 3, 2021)....................4

## RULES

Fed. R. Civ. P. 60(b)(6) ....................1

## REGULATIONS

49 C.F.R. § 376 *et seq*. ....................1

49 C.F.R. § 376.11 ....................5

49 C.F.R. § 376.11(a) ....................5

49 C.F.R. § 376.12 ....................5

49 C.F.R. § 376.12(d) ....................6

49 C.F.R. § 376.12(e) ....................4, 5

49 C.F.R. § 376.12(h) ....................3, 4

## MOTION

Pursuant to Fed. R. Civ. P 60(b)(6), Plaintiff Cory Jones respectfully moves for reconsideration of this Court's order on Defendant Western Flyer Express, LLC's ("WFX") Motion to Dismiss (the "Motion") concerning one issue: the dismissal of his claim under the Truth-in-Leasing regulations ("TIL"), 49 C.F.R. § 376 *et seq*., relating to deductions that WFX took from drivers' compensation for fuel.

## MR. JONES'S BRIEF IN SUPPORT OF MOTION

## INTRODUCTION

It is well settled that the TIL regulations permit carriers to take deductions from drivers' compensation for items that are properly disclosed in a lease. However, the regulations also bar carriers from taking deductions from drivers' compensation for items in amounts that exceed the specific amounts that a lease states can be taken for them.

In this case, Mr. Jones has alleged that WFX violated the TIL regulations not because the Contracted Operator Agreement ("COA") failed to give him "fair notice" that it could take deductions for fuel from his compensation or failed to "clearly specify" that he was responsible for the cost of fuel. Mr. Jones has alleged that WFX violated the TIL regulations because the amounts of the deductions that it took for "fuel" exceeded the amounts the COA disclosed could be taken for that item – i.e., its cost. In other words, WFX overcharged Mr. Jones for fuel, which is a textbook TIL violation.

Given that courts "accept as true all well-pleaded factual allegations in the complaint and view them in the light most favorable to the plaintiff" on a motion to

dismiss, *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013), WFX's Motion should have been denied on Mr. Jones's TIL claim relating to fuel.

## I. Mr. Jones's TIL claim relating to fuel deductions should not be dismissed.

The purpose of the TIL regulations is to "protect independent truckers from motor carriers' abusive leasing practices." *Fox v. Transam Leasing, Inc.*, 839 F.3d 1209, 1211-1212 (10th Cir. 2016) (citations omitted). The TIL regulations effectuate that purpose by requiring carriers to "disclose the full costs that [drivers] will be obligated to pay up front" in their contracts. *Id.* at 1215-1217 (holding that a carrier may take a deduction for a fee only "if the terms of the lease so provide and… so long as the lease clearly specifies that the fee will be deducted and explains how much the fee will be or at least how the fee will be calculated, and the carrier provides truckers with adequate documentation of the fees charged back to them" (citations omitted)). "This prevents carriers from hiding fees until the charges have already been incurred and allows [drivers] to make informed decisions about where to seek products and services." *Id.*

Mr. Jones's allegations and the COA establish the following concerning WFX's fuel deductions: § 3.5.1 of the COA states that Mr. Jones "shall, at [his] sole cost and expense…furnish all necessary… fuel"; § 6.5 and § 3 of Appendix A of the COA limit the amounts of chargebacks that Defendant could take from drivers' compensation for any item, including fuel, to the actual costs that Defendant incurred for it; and Mr. Jones has alleged that WFX took deductions for fuel from his compensation that were more than the amounts the fuel actually cost. Doc. 29-1, at 8, 15, 23; *see also* Doc. 29, at 18-19, ¶¶ 144-146.

Against that backdrop, WFX's fuel deductions violated three distinct provisions of the TIL regulations. First, the fuel deductions violated § 376.12(h) because the COA did not disclose that any amount would be taken from Mr. Jones's compensation above WFX's actual cost for fuel. Under § 376.12(h), "a lease shall ***clearly specify*** all items that may be initially paid for by the authorized carrier, but ultimately deducted from the lessor's compensation at the time of payment or settlement, together with a recitation as to how the amount of each item is to be computed." *Id.* (emphasis). With regard its fuel deductions, WFX correctly stated in its brief in support of the Motion that "[Mr. Jones] agreed in the COA he would supply the fuel, and he agreed that if [WFX] bore costs he was obligated to bear (e.g., fuel), the costs could be deducted via chargeback." Doc. 30 at 15. The record on this point is undisputed: WFX and Mr. Jones agree the COA states that he would bear the ***cost*** of fuel, nothing more.

However, the record is also clear that Mr. Jones did not agree – and the COA does not state - that WFX could take any deductions related to fuel that were in addition to its cost. *See generally* Doc. 29-1. Nor does the COA disclose that WFX could take deductions for any fees or mark-ups in addition to the cost of fuel, that any fees or mark-ups were included in the fuel deductions that took, or how any of those undisclosed fees or mark-ups were calculated. *See generally id*. That is decisive. By charging Mr. Jones more for fuel than the amounts that the COA stated could be taken for that item - i.e., its cost - through undisclosed fees and/or mark-ups, WFX violated § 376.12(h). *See e.g., Hill v. Cargo Runner Co.*, No. 22-CV-00910, 2023 WL 6213674, at *8–10 (N.D. Ill. Sept. 25, 2023) (denying carrier's motion to dismiss driver's claim that its fuel deductions violated

§ 376.12(h) because driver alleged that the deductions exceeded the amounts that the lease stated could be taken); *Yata v. BDJ Trucking Co.*, No. 17-CV-03503, 2021 WL 1738520, at *4 (N.D. Ill. May 3, 2021) (allowing drivers' motion for summary judgment on claim that carrier violated the TIL regulations because lease stated drivers would be charged for the monthly premiums for certain insurance but carrier took deductions for that insurance which exceeded its monthly premiums); *Owner-Operator Indep. Drivers Ass'n, Inc. v. Swift Transp. Co. (AZ)*, 2007 WL 2808997, at *3 (D. Ariz. Sept. 27, 2007), aff'd, 632 F.3d 1111 (Holding that "it is a violation of the charge-back regulation[, 49 C.F.R. § 376.12(h),] for a carrier to fail to disclose the existence of a mark-up included in a charge-back.") (9th Cir. 2011) (citing *OOIDA v. C.R. England, Inc.,* 2007 WL 1795768, at *4 (D. Utah June 20, 2007) (Holding that a carrier violated § 376.12(h), in part, by failing to disclose certain mark-ups); *OOIDA v. Landstar System, Inc.,* 2006 WL 4069044, at *7–8 (M.D. Fla. Oct. 6, 2006) (Rejecting carrier's argument that § 376.12(h) does not require charge-back mark-ups to be disclosed)); *Fox*, 839 F.3d at 1215-1216 ("Section 376.12(h)…precludes a motor carrier from unexpectedly reducing truckers' compensation through unexplained deductions from their pay by requiring carriers to specify in the lease what fees the carrier will deduct from truckers' compensation and further to explain at the outset of the lease arrangement how much any deduction will be." (citing *OOIDA v. Swift*, 632 F.3d 111, 1115 (9th Cir. 2011)).

Second, WFX 's fuel deductions violated § 376.12(e) because the COA stated that WFX could take deductions for the cost of fuel but the deductions that WFX took for fuel exceeded its cost. An authorized carrier, like WFX, may perform transportation in

equipment it does not own if, in part, there is a written lease between the carrier and a driver that complies with § 376.12. *See* 49 C.F.R. 376.11 and (a). Section 376.12 states that such leases must contain certain provisions, which are set forth therein, and those provisions "shall be adhered to and performed by the authorized carrier." *Id.*; *see also, e.g., Al-Anazi v. Bill Thompson Transp., Inc.*, 2016 WL 3611886, at *4 (E.D. Mich. July 6, 2016) (Holding that the TIL regulations impose "a substantive obligation on a carrier to actually comply with the required contractual terms, not just include them in an agreement." (citations omitted)); *Mervyn v. Nelson Westerberg, Inc.*, 76 F. Supp. 3d 715, 718 (N.D. Ill. 2014) ("[T]he introductory paragraph of § 376.12 plainly requires the carrier to actually comply with [the mandated] provisions… That the regulation requires compliance with [a] lease's terms is clear from its text; there is no other conceivable way to read it.").

One of the provisions that must be included in a lease is § 376.12(e), which provides that a "lease shall specify the responsibility of each party with respect to the cost of fuel." *Id*. The COA does that. It states in § 3.5.1 that Mr. Jones "shall furnish all necessary… fuel" and states in § 6.5 and § 3 of Appendix A that WFX could take deductions from his compensation for certain items, including fuel, in the amount of its actual cost for the items. Doc. 29-1, at 8, 15, 23. By taking deductions for fuel in amounts that exceeded its cost, WFX did not adhere to the COA's express limitation on the amounts that could be deducted from Mr. Jones's compensation for fuel and violated § 376.12(e). *See e.g., Al-Anazi*, 2016 WL 3611886, at *4; *Mervyn*, 76 F. Supp. 3d at 718.

Third, the fuel deductions violated § 376.12(d) because they reduced Mr. Jones's compensation below the amount that the COA stated he would be paid for his services. Under § 376.12(d), "[t]he amount to be paid by the authorized carrier for equipment and driver's services shall be ***clearly*** stated on the face of the lease or in an addendum which is attached to the lease." *Id.* (emphasis added). Per the terms of the COA, Mr. Jones was entitled to be paid a specific flat rate for each mile that he drove and certain accessorial charges, less "any expenses that [WFX] ha[d] borne that, under the COA, [Mr. Jones was] obligated to bear." Doc. 29-1, at 15, 23. Although Mr. Jones was only obligated to bear the ***cost*** of fuel, his compensation was reduced by deductions for fuel that exceeded its cost and/or by fees or mark-ups that were included in the fuel deductions but not disclosed in the COA. *See* Doc. 29, at 18-19, ¶¶ 144-146. Because the COA did not disclose that Mr. Jones's compensation would be reduced by deductions for fuel that exceeded its cost, the COA did not "clearly" state the amount that WFX would pay Mr. Jones for his equipment or services and WFX violated § 376.12(d). *See, e.g.*, *OOIDA v. Landstar*, 622 F.3d 1307, 1317 (11th Cir. 2010) (holding that lease between carrier and driver violated 49 C.F.R. § 376.12(d) because it did not give adequate notice of charges that would reduce the driver's compensation); *Owner-Operator Indep. Drivers Ass'n, Inc. v. Bulkmatic Transp. Co.*, 503 F. Supp. 2d 961, 967-972 (N.D. Ill. 2007) (holding that lease between carrier and driver violated § 376.12(d) because driver's compensation reduced by undisclosed deductions).

## CONCLUSION

Accordingly, for all the reasons set forth herein, Mr. Jones respectfully requests that the Court reconsider and vacate its order on the Motion inasmuch as it dismissed his TIL claim relating to fuel deductions.

Respectfully submitted,

CORY JONES, on behalf of himself
and all others similarly situated,

By his attorneys,

*/s/ Brook S. Lane*
Brook S. Lane

Rachel Lawrence Mor, Esq. Ok. Bar No. 11400
Rachel Lawrence Mor, P.C.
3555 N.W. 58th St., Suite 1000
Oklahoma City, Oklahoma 73112
Tel: 405-694-5952
rmor@thelawgroupokc.com

Hillary Schwab, Esq., W.D. OK. 22-23
Brook S. Lane, Esq.
FAIR WORK, P.C.
192 South Street, Suite 450
Boston, MA 02111
Tel: (617) 607-3260
Fax: (617) 488-2261
hillary@fairworklaw.com
brook@fairworklaw.com

Date: October 22, 2026

**CERTIFICATE OF SERVICE**

I certify that on October 22, 2026, a true and correct copy of this pleading was served on all parties of record by ECF filing.

*/s/ Brook S. Lane*
Brook S. Lane